IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC., <br><br> Petitioner, <br><br> v. <br><br> TRUCKSMARTER, INC., <br><br> Respondent. | Case No. 1:24-mc-00005 <br><br> Related to Case No. 5:23-cv-05083 <br> Pending in: <br> The United States District Court for the <br> Western District of Arkansas <br> Fayetteville Division |

## SCHNEIDER NATIONAL CARRIERS, INC.'S MOTION TO QUASH AND FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Schneider National Carriers, Inc. ("Schneider"), by and through its attorneys, pursuant to Rules 45(d)(3) and 26(c) of the Federal Rules of Civil Procedure, moves to quash the third-party subpoena issued by TruckSmarter, Inc. ("TruckSmarter"), or in the alternative for a protective order providing that Schneider is not required to respond to TruckSmarter's subpoena unless and until the District Court for the Western District of Arkansas rules that TruckSmarter has stated a viable antitrust counterclaim. In support of this motion, Schneider states as follows:

1. On May 19, 2023, J.B. Hunt Transport, Inc. ("J.B. Hunt") commenced the underlying action, *J.B. Hunt Transport, Inc. v. TruckSmarter, Inc.*, against TruckSmarter alleging that TruckSmarter violated federal and state law by accessing J.B. Hunt's confidential information and trade secrets and using that information for TruckSmarter's commercial benefit. *J.B. Hunt Transport, Inc. v. TruckSmarter, Inc.*, No. 5:23-cv-05083 (W.D. Ark. [ECF No. 2].).

2. On November 15, 2023, TruckSmarter filed an amended counterclaim against J.B. Hunt alleging violations of the antitrust laws ("Amended Counterclaim"). Specifically, TruckSmarter alleged that J.B. Hunt and seven other large freight brokers engaged in a conspiracy to collectively refuse to deal with TruckSmarter. Schneider is not among the freight brokers

1

alleged to have participated in this alleged conspiracy and is not a party to either the Complaint or the Amended Counterclaim. *J.B. Hunt Transport, Inc.*, No. 5:23-cv-05083 (W.D. Ark. [ECF No. 61].)

3. Nevertheless, on December 18, 2023, TruckSmarter issued a subpoena (the "Subpoena") to Schneider seeking documents from Schneider related to TruckSmarter's Amended Counterclaim. A true and correct copy of the Subpoena is attached hereto as <u>Exhibit A</u>. Schneider's deadline to respond to the Subpoena is February 16, 2024.

4. The Subpoena is expansive. It seeks, for example, all documents and communications in Schneider's possession, custody or control that refer or relate to TruckSmarter, without limitation. It also seeks documents and communications unrelated to TruckSmarter going back to 2018, which Schneider understands to be years before TruckSmarter entered the market. (*See e.g.*, Ex. A at p. 7 (requesting "All COMMUNICATIONS from 2018 to present between YOU and any COMPETITOR that REFER or RELATE TO load boards or freight load aggregation.")

5. Not only is the Subpoena overbroad, but it is also premature. On December 20, 2023, shortly after TruckSmarter issued the Subpoena to Schneider, J.B. Hunt filed a motion to dismiss TruckSmarter's Amended Counterclaim in its entirety. In its motion, J.B. Hunt argued that the Amended Counterclaim should be dismissed because TruckSmarter had not adequately alleged an antitrust injury, the existence of an agreement among competitors, or that J.B. Hunt unreasonably restrained trade. *J.B. Hunt Transport, Inc.*, No. 5:23-cv-05083 (W.D. Ark. [ECF No. 68].)

6. J.B. Hunt's motion to dismiss was fully briefed as of February 1, 2024; however, that motion has not yet been decided by the court. *J.B. Hunt Transport, Inc.*, No. 5:23-cv-05083

2

Case 1:24-mc-00005   Filed 02/16/24   Page 2 of 6   Document 1

(W.D. Ark. [ECF No. 73].) Accordingly, the court has not yet ruled on whether TruckSmarter's Amended Counterclaim states a valid claim for relief.

7. Pursuant to Rule 45, the Court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "FRCP 45(d)(3)(A)(iv) prohibits the discovery of the information 'where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *In re Missouri Dep't of Corr.*, 839 F.3d 732, 736 (8th Cir. 2016) (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)).

8. Additionally, the Court may issue a protective order to prevent or limit discovery to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," including "forbidding the disclosure of discovery," or "forbidding inquiry into certain matters[.]" Fed. R. Civ. P. 26(c)(1).

9. These standards are satisfied. The Subpoena imposes an undue burden on Schneider because it requires Schneider to search for and produce documents relevant to TruckSmarter's Amended Counterclaim before the court has ruled that the Amended Counterclaim states a plausible claim for relief. It is well-settled that because of "the unusually high cost of discovery in antitrust cases" and "the limited success of judicial supervision in checking discovery abuse," courts should not open the floodgates of antitrust discovery without first determining that the plaintiff has pleaded a plausible entitlement to relief. *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 (8th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007)); *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625–26 (7th Cir.2010) ("When a district court by misapplying the *Twombly* standard allows a complex case of extremely

3

dubious merit to proceed, it bids fair to immerse the parties in the discovery swamp . . . and by doing so create irrevocable as well as unjustifiable harm to the defendant.").

10. These concerns are even greater when the discovery is targeted at non-parties, like Schneider is here. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("It is also noteworthy that the respondents are strangers to the antitrust litigation; insofar as the record reflects, they have no dog in that fight. Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *see also Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir.1994) (nonparties are afforded "special protection against the time and expense of complying with subpoenas"); *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (explaining that courts "are required to balance the needs for discovery against the burdens imposed" and recognizing that "the status of a person as a non-party is a factor which weighs against disclosure.").

11. Additionally, Schneider understands that party discovery is proceeding while J.B. Hunt's motion to dismiss is pending. Accordingly, TruckSmarter can obtain discovery regarding its antitrust claims against J.B. Hunt from J.B. Hunt. TruckSmarter should be required to pursue this path before imposing undue burden on Schneider, a non-party. *See Echostar Commc'ns Corp.*, 180 F.R.D. at 395 (declaring that the discovery "of greatest relevance" to the lawsuit were "readily available" from parties to the litigation and holding that party discovery must be exhausted before seeking the same discovery from non-parties).

4

12.  Counsel for Schneider has conferred with counsel for TruckSmarter and TruckSmarter does not consent to the relief sought in this motion. Counsel for Schneider also conferred with counsel from J.B. Hunt, and J.B. Hunt has no objection to Schneider's request.

WHEREFORE, Schneider respectfully requests that the Court quash TruckSmarter's Subpoena or, in the alternative, enter a protective order providing that Schneider is not required to respond to TruckSmarter's Subpoena unless and until the District Court for the Western District of Arkansas rules that TruckSmarter's Antitrust Counterclaim states a plausible claim for relief.

February 16, 2024

Respectfully submitted,

SCHNEIDER NATIONAL CARRIERS, INC.

*/s/ Sarah A. Zielinski*

Michael R. Phillips
Sarah A. Zielinski
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
Telephone (312) 849-8100
mphillips@mcguirewoods.com
szielinski@mcguirewoods.com

*Attorneys for Schneider National Carriers, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system on February 16, 2024, a copy of which was served upon all counsel of record via email as follows:

Quattlebaum, Grooms & Tull PLCC:
Brandon B. Cate
bcate@qgtlaw.com
Michael B. Heister
mheister@qgtb.com
Sharri Bell
sbell@qgtblaw.com

Quinn Emanuel Urquhart & Sullivan, LLP:
Hope Delaney Skibitsky
hopeskibitsky@quinnemanuel.com
Renita Sharma
renitasharma@quinnemanuel.com
William R. Sears, IV
willsears@quinnemanuel.com
Zane Muller
zanemuller@quinnemanuel.com
Jeffrey Boxer
jeffreyboxer@quinnemanuel.com
Marjan Varzandeh
marjanvarzandeh@quinnemanuel.com

*Counsel for TruckSmarter, Inc.*

Friday, Eldredge & Clark:
Marshall S. Ney
mney@fridayfirm.com
Katherine Church Campbell
kcampbell@fridayfirm.com

*Counsel for J.B. Hunt Transport, Inc.*

/s/Sarah A. Zielinski
Sarah A. Zielinski